UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-10912-KK-JC | Date | March 11, 2024 |
|---|---|---|---|
| Title | Keith Shazad Malik v. State of California, et al., | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| none present | none present |

**Proceedings:** (IN CHAMBERS)

### ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED

Effective December 20, 2023, Plaintiff, a federal prison inmate who is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee ("IFP"), filed a Civil Rights Complaint ("Complaint" or "Comp.") pursuant to 42 U.S.C. § 1983 ("Section 1983") against the State of California, the Los Angeles County Superior Court ("Superior Court"), an unknown Superior Court judge, an "unknown Warden" of the Los Angeles County Jail ("County Jail"), and Kathryn Fallon DeGovia, a public defender. (Docket ("Dkt.") No. 1; Comp. at 1-3). Plaintiff alleges he was denied due process of law when he was charged with five counts of contempt of court on February 14, 2015, and when a warrant was issued for his arrest on September 2, 2015.[1] (Comp. at 5). Plaintiff claims he was incarcerated in the County Jail on February 14, 2015, but that neither public defender DeGovia nor any employee of the Los Angeles County Sheriff's Department informed him that he had court that day. (Comp. at 6). He also asserts that he did not engage in contempt at any point during his incarceration. (Comp. at 6). Rather, Plaintiff claims the contempt charges were a "political attack" on his person to give the police justification to violate his constitutional rights "with harassment, larceny, and other crimes while cooking evidence to build political support for a federal incarceration."[2] (Comp. at 6).

---

[1] Plaintiff also asserts he was arrested at the University of Southern California in September 2014, charged with three counts of violating a restraining order, convicted, and sentenced to 180 days in jail. (Comp. at 5). In relation to this conviction, Plaintiff claims California "simply omitted all exculpatory evidence" regarding his background with another individual – presumably the person who had obtained the restraining order against him. (Comp. at 5). However, his Complaint does not attack this judgment.

[2] Plaintiff is currently in federal custody serving a 60-month sentence after pleading guilty to one count of transmitting threatening communications in interstate commerce in violation of 18 U.S.C. § 875(c). See United States v. Malik, United States District Court for the Central District of California case no. 2:22-cr-00321-MCS-1 ("Malik I"). Pursuant to Fed. R. Evid. 201, the Court takes judicial

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-10912-KK-JC | Date | March 11, 2024 |
|---|---|---|---|
| Title | Keith Shazad Malik v. State of California, et al., | | |

Additionally, Plaintiff claims that in or around Spring 2016, the Navy denied him enlistment because of the warrant, which has cost him $60,000 a year. (Comp. at 7). He seeks "monetary compensation for the undue suffering" caused by "[t]he accusation of contempt and subsequent warrant[.]" (Comp. at 8).

Since Plaintiff is proceeding IFP and is currently incarcerated, his Complaint is subject to *sua sponte* review and must be dismissed if it is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Applying these standards, the pending Complaint appears to be subject to dismissal.

First, Plaintiff claims against the State of California, the Superior Court, and an unidentified Superior Court judge appear to be barred by the Eleventh Amendment and/or absolute immunity. The Eleventh Amendment prohibits suits against a state or its agencies or departments for legal or equitable relief, Papasan v. Allain, 478 U.S. 265, 276-77 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984), and it bars federal court damages actions against a state official in his or her official capacity unless the state has waived its immunity or Congress has overridden that immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Kentucky v. Graham, 473 U.S. 159, 169-70 (1985). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that '§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]'" Dittman v. State of Cal., 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citations omitted), cert. denied, 530 U.S. 1261 (2000); Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009). Thus, the Eleventh Amendment appears to bar Plaintiff's claims against California, the Superior Court, and the unidentified judge. See Munoz v. Superior Court of Los Angeles Cnty., 91 F.4th 977, 980-81 (9th Cir. 2024) ("[T]he Superior Court of the State of California has sovereign immunity as an arm of the state" and "state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment."); Simmons v. Sacramento Cnty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment."). Moreover, "[i]t has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir.) (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)), cert. denied, 555 U.S. 888 (2008).

///

---

[2](...continued)
notice of the docket sheet and related documents, including the judgment, in Malik I. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-10912-KK-JC | Date | March 11, 2024 |
|---|---|---|---|
| Title | Keith Shazad Malik v. State of California, et al., | | |

    Second, although not barred by the Eleventh Amendment or absolute immunity, Plaintiff's claims against the other two defendants – the unidentified County Jail "warden" and public defender DeGovia – also appear to be deficient due to the lack of causation.  "'In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury.'" Chaudhry v. Aragón, 68 F.4th 1161, 1169 (9th Cir. 2023) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008)); see also Baker v. McCollan, 443 U.S. 137, 142 (1979) ("[A] public official is liable under § 1983 only 'if he *causes* the plaintiff to be subjected to a deprivation of his constitutional rights.'" (citation omitted; emphasis in original)).  Plaintiff's claims stem from charges being filed against him and the issuance of an arrest warrant.  (Comp. at 5).  Yet, it seems clear that neither the "warden" nor DeGovia were the proximate cause of these events.  See Chaudhry, 68 F.4th at 1169-70 ("To meet § 1983's causation requirement, the plaintiff must establish both causation-in-fact and proximate causation.  Without such causation, there is no section 1983 liability.'" (brackets, citations, footnotes, and internal quotation marks omitted)).

    Third, Plaintiff's Section 1983 claim against public defender DeGovia also appears to be deficient because such defendant does not appear to have acted under color of state law.  "To state a claim for relief in an action brought under § 1983, [Plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); West v. Atkins, 487 U.S. 42, 48 (1988).  Plaintiff implies DeGovia was his public defender in 2015.  (See Comp. at 6).  However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); see also Miranda v. Clark Cnty., Nev., 319 F.3d 465, 468 (9th Cir.) (en banc) (as a matter of law, assistant public defender performing traditional functions of a lawyer was not a state actor even though employed by a public agency), cert. denied, 540 U.S. 814 (2003).

    Fourth, Plaintiff's claims may be time-barred.  "'The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions.'"  Whidbee v. Pierce Cnty., 857 F.3d 1019, 1022 (9th Cir. 2017) (citation omitted).  "California's two-year limitations period for personal injury actions, Cal. Civ. Proc. Code § 335.1, applies to [Plaintiff's] § 1983 claims."  Holt v. Cnty. of Orange, 91 F.4th 1013, 1018 (9th Cir. 2024).  Here, however, Plaintiff is suing based on events occurring in February and September 2015 – over eight years before he filed the pending action.  (Comp. at 5).  Thus, it appears this action may be untimely.

    In light of the foregoing, Plaintiff – within twenty-one (21) days the date of this Order – is hereby ORDERED TO SHOW GOOD CAUSE in writing, why this action should not be dismissed for the reasons discussed above.  Alternatively, if Plaintiff does not wish to proceed with this action, he may instead date, sign and return the attached dismissal notice by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-10912-KK-JC | Date | March 11, 2024 |
|---|---|---|---|
| Title | Keith Shazad Malik v. State of California, et al., | | |

**Plaintiff is cautioned that the failure timely to comply with this Order to Show Cause and/or to show good cause may result in the dismissal of this action for the reasons discussed herein, for failure to comply with the instant Order, and/or for failure to prosecute.**

IT IS SO ORDERED.

Attachment